## STATE ex rel Mary Lynn McGRIFF,
### *Respondent,*

*v.*

## Patrick Lee McCONNELL,
### *Appellant.*

(91-0195-S; CA A70328)

838 P2d 1108

Thad M. Guyer, Medford, argued the cause for appellant. With him on the brief were Doug S. Gard and Center for Nonprofit Legal Services, Inc., Medford.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Father seeks review of the trial court's dismissal of his motion to modify the amount of his child support obligation under a California dissolution judgment. We affirm.

The California judgment requires father, who now lives in Oregon, to pay $375 per month child support to mother. In January, 1991, the state, on behalf of mother, filed an action under ORS 25.450, seeking to have father's Oregon income withheld to satisfy his child support obligation. He moved for a show cause hearing for the purpose of modifying the amount of child support. The state then moved to set aside the order to show cause and to dismiss the request for modification. The trial court granted the state's motion on the ground that ORS 25.450, the statute under which this proceeding was brought, does not give the court authority to modify a child support obligation imposed by a foreign dissolution judgment.

Father argues that the trial court erred in holding that it did not have authority to modify the California support order. This proceeding was brought under ORS 25.410 to ORS 25.530, which governs withholding of interstate income. ORS 25.450 provides for the withholding of Oregon income as a means of enforcing a child support obligation imposed by another state. Under that statute, specific documents evidencing the support obligation from the other jurisdiction must be filed with the clerk of the court in which the withholding order is sought. The filing of the documents "shall constitute entry of the support order and arrearages." ORS 25.450(1). ORS 25.450(4) provides, however, that the entry of the order and arrearages under subsection (1) "shall not confer jurisdiction on the courts of this state for any purpose other than income withholding."

In arguing that the trial court had authority to modify his support obligation, father does not rely on the language of ORS 25.450, but asserts that federal law requires Oregon courts to consider modification of his California support obligation. However, we are not persuaded that any of the federal statutes on which father relies require the courts of this state to assume jurisdiction over a foreign support obligation in this proceeding.

Father also argues that preventing him from obtaining a reduction of his California child support obligation in the courts of this state "constitutes an abandonment of his rights to due process of law and access to the courts, as well as to equal protection of the laws." We conclude that the trial court's refusal to consider father's request for modification in an income withholding order proceeding under ORS 25.450 does not violate any provisions of the Oregon or the United States Constitutions. Father is not precluded from seeking modification of the child support obligation by other available procedures.

Affirmed.